1  LATHAM & WATKINS LLP
     Perry J. Viscounty (Bar No. 132143)
2      *perry.viscounty@lw.com*
3  650 Town Center Drive, 20th Floor
   Costa Mesa, CA 92626-1925
4  714.540.1235 / 714.755.8290 (Fax)

5  LATHAM & WATKINS LLP
     Jennifer L. Barry (Bar No. 228066)
6      *jennifer.barry@lw.com*
     Patrick C. Justman (Bar No. 281324)
7      *patrick.justman@lw.com*
   12670 High Bluff Drive
8  San Diego, CA 92130
   858.523.5400 / 858.523.5450 (Fax)

9  Attorneys for Plaintiff
10 ENTREPRENEUR MEDIA, INC.

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                  SOUTHERN DIVISION

14

15 ENTREPRENEUR MEDIA, INC.,          CASE NO. 8:19-cv-01706
   a California corporation,
16
                  Plaintiff,          **Complaint For:**
17
        v.                            **(1)  Trademark Infringement
18                                          (Lanham Act, 15 U.S.C. § 1114)**
   JOHN DOE d/b/a ENTREPRENEUR
19 PRESS, and DOES 1 through 9,       **(2)  Unfair Competition/False
   inclusive,                              Designation of Origin
20                Defendants.              (Lanham Act, 15 U.S.C. § 1125(a))**

21                                    **(3)  Common Law Trademark
                                           Infringement**
22
                                      **(4)  Common Law Unfair Competition**
23

24                                    **DEMAND FOR JURY TRIAL**

25

26

27

28

US-DOCS\109750573.1
                                              COMPLAINT
                                      DEMAND FOR JURY TRIAL

**COMPLAINT**

**NATURE OF ACTION**

1.      Plaintiff Entrepreneur Media, Inc. ("EMI") brings this complaint against John Doe d/b/a Entrepreneur Press and Does 1 through 9 (collectively "Defendants") for (i) federal trademark infringement and false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*. and (ii) common law trademark infringement and unfair competition under California law, and EMI alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows:

**THE PARTIES**

2.      EMI is a California corporation with its principal place of business at 18061 Fitch Avenue, Irvine, California 92614.

3.      Defendants are persons or entities responsible in whole or in part for the wrongdoing alleged herein.  The true names and capacities of Defendants are unknown to EMI, who therefore sues these defendants by such fictitious names. EMI is informed and believes, and thereon alleges, that each of the Defendants participated in, ratified, endorsed, and/or was otherwise involved in the acts complained of, and they have liability for such acts.  EMI prays for leave to amend this Complaint to show the true names and capacities of Defendants when the same have been ascertained.

4.      Upon information and belief, Defendants conduct business throughout the United States, including California and within this District, using the ENTREPRENEUR PRESS mark.

5.      As fully detailed below, Defendants use the ENTREPRENEUR PRESS mark (alternatively referred to as the "Infringing Entrepreneur Mark") in such a manner that violates EMI's longstanding and strong rights in the ENTREPRENEUR® mark.

1

**JURISDICTION AND VENUE**

2  6.  Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court

3 has subject matter jurisdiction over EMI's claims for relief for violation of the

4 Lanham Act.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental

5 jurisdiction over EMI's state law trademark infringement claim because it is joined

6 with substantial and related claims under the Lanham Act.  This Court also has

7 supplemental jurisdiction over EMI's state law claims pursuant to 28 U.S.C.

8 § 1367(a) because all of EMI's claims arise out of a common nucleus of operative

9 facts.

10  7.  This Court has personal jurisdiction over Defendants because

11 Defendants have (a) conducted substantial business in the State of California and

12 this District by advertising, targeting, offering, selling, and providing their

13 goods/services to residents of this District; (b) derived financial benefits from

14 residents of the State of California by doing so; (c) purposefully availed

15 themselves of the privilege of conducting business within the State of California;

16 (d) sought protection and benefits from the laws of the State of California; and

17 (e) the causes of action arise from the Defendants' activities within and actions

18 targeted at the State of California.

19  8.  Venue in this Court exists under 28 U.S.C. § 1391(b)(2) as a

20 substantial part of the events giving rise to EMI's claims occurred within this

21 District.

22

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

23

**EMI and Its Successful ENTREPRENEUR® Brand**

24  9.  For over forty years, EMI (together with its predecessor companies)

25 has published magazines and books, which provide editorial content and other

26 information, as well as offered products and services related, or of interest, to

27 businesses, business owners, and prospective business owners.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

2

COMPLAINT
DEMAND FOR JURY TRIAL

1    10.    EMI's longstanding marketing and sales efforts have been conducted

2 primarily under the mark ENTREPRENEUR® (the "ENTREPRENEUR Mark").

3    11.    EMI is the publisher of ENTREPRENEUR® magazine and other

4 publications incorporating the ENTREPRENEUR name in their titles.

5 ENTREPRENEUR® magazine is published ten times per year with a current print

6 and digital paid circulation, including both subscriptions and single-copy sales, of

7 more than 517,500 in the United States and worldwide.

8    12.    ENTREPRENEUR® magazine routinely features articles about and

9 interviews with some of the biggest names in the business community, including

10 Jeff Bezos (founder, chairman, and CEO of Amazon), Venus Williams (tennis

11 icon), and Sarah Michelle Gellar (actress and co-founder of startup Foodstirs):

  

13.    ENTREPRENEUR® magazine also annually publishes, and has

continuously published for over thirty years, the highly anticipated Franchise 500®

ranking of America's top franchises using EMI's top-secret formula:

   

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

3

COMPLAINT
DEMAND FOR JURY TRIAL

14.   EMI also publishes and distributes within the United States and worldwide over 200 book titles under the ENTREPRENEUR Mark and ENTREPRENEUR PRESS® imprint:



15.   EMI also conducts seminars, workshops, and other educational programs geared towards teaching others to successfully start and operate businesses.  These events have included: (i) the *Entrepreneur® Masters & Mentors* seminar series sponsored by Cathay Pacific and Nissan, (ii) *Entrepreneur® Magazine's GrowthCon* conference sponsored by Canon USA, and (iii) the *Entrepreneur 360™*, a conference sponsored by The Lincoln Motor Company, Canon USA, AXA Financial, and American Airlines.

16.   EMI operates a number of websites to further disseminate and market its content and services, including *entrepreneur.com*, *entrepreneurnetwork.com*, and various social media channels and mobile apps.

17.   The website at *entrepreneur.com* has recently averaged more than thirteen million unique users and more than thirty-three million page views per month.

18.   EMI has also launched apps for iPhones/ iPads and Android:



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

4

COMPLAINT
DEMAND FOR JURY TRIAL

19.   EMI offers a variety of podcasts, including a podcast offered through *entrepreneur.com*, and a podcast under the ENTREPRENEUR mark on iTunes, as well as other outlets:



20.   EMI's fame and high-quality content and services have resulted in numerous co-branding business relationships with some of the top names in news and business.  These co-branding relationships have most recently included: (i) contests sponsored by General Motors and Canon USA; (ii) content provided and branded by CNBC, Reuters, NFL Players Association, and Business Insider; (iii) Princeton Review (ranking top entrepreneurial schools); (iv) Great Place to Work® (annual Best Small & Medium Workplaces rankings); (v) Palo Alto Software (Entrepreneur Magazine's Business Plan Pro® software); and (vi) an online forms and documents service with SeamlessDocs.

21.   Most recently and in particular, EMI has: (i) partnered with Steve Case's *Rise of the Rest™*, a nationwide program to promote entrepreneurship in start-up ecosystems within middle America; (ii) hosted a contest with Canon USA under the rubric *Project Grow Challenge*, in which businesses were awarded money based on how they proposed to grow their businesses through increased productivity and consumer awareness; and (iii) partnered with Chivas Brothers Limited as its exclusive media content partner, in connection with and support of Chivas' annual event known as *The Venture*, a worldwide competition to discover,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

5

COMPLAINT
DEMAND FOR JURY TRIAL

1  celebrate, and award with investment dollars extraordinary startup businesses

2  creating positive social change.

3        22.    Through careful cultivation of its various products and services, EMI

4  has developed an outstanding reputation as an innovator in the field of business

5  start-ups and strategy and has established an extremely loyal customer following.

6        23.    EMI has received a tremendous amount of public recognition and

7  acclaim for the products sold and services provided under its ENTREPRENEUR

8  Mark.  Through EMI's widespread and continuous use of the ENTREPRENEUR

9  Mark, it has acquired extensive goodwill, developed a high degree of

10  distinctiveness, and become famous, well known, and recognized as identifying

11  goods and services that originate from EMI.

12        24.    The fame and quality of the products and services bearing the

13  ENTREPRENEUR Mark have been widely recognized through industry awards

14  and commendations.  For example, *ENTREPRENEUR* magazine was a finalist in

15  two categories in Folio's 2010 Eddie & Ozzie magazine awards, has been named

16  one of the top performing magazines for four years in "Capell's Circulation

17  Report," and has been honored for its content by receipt of the prestigious Maggie

18  award in 2008, 2009, 2010, and 2011 from the Western Publishing Association.

19  EMI's website at *entrepreneur.com* has been awarded "Outstanding Achievement

20  in Web Development" by the Web Marketing Association, and its networking

21  website under the ENTREPRENEUR CONNECT Mark was voted the #1 "Top 10

22  Social Networks for Entrepreneurs" by Mashable.com.  EMI has also received

23  multiple Integrated Marketing Awards from MIN for its magazine and website,

24  including being selected as an awards finalist in 2015.

25        25.    In addition, both ENTREPRENEUR® magazine and the

26  *entrepreneur.com* website have been named to BtoB magazine's 2010, 2011, and

27  2012 lists of the top 50 media outlets for business-to-business advertising.  EMI's

28  management and staff have also been recognized for their contributions to

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY
US-DOCS\109750573.1
6
COMPLAINT
DEMAND FOR JURY TRIAL

1   publishing and the media industry, including such awards and recognitions in 2015

2   as (i) Folio's designation of an EMI staff writer as one of the "Top Women in

3   Media," and (ii) Fast Company's recognition on Twitter of EMI's Editor-in-Chief

4   as one of the "25 Smartest Women in Media."

5                  **EMI's Intellectual Property Rights**

6          26.    EMI owns, and has obtained United States federal registrations for,

7   the ENTREPRENEUR Mark, as well as a family of related marks incorporating

8   the term ENTREPRENEUR, as follows:

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| ENTREPRENEUR | 16:  Paper goods and printed matter; namely magazines, books, and published reports pertaining to business opportunities | 1,453,968 August 25, 1987 |
| ENTREPRENEUR | 35:  Advertising and business services, namely, arranging for the promotion of the goods and services of others by means of a global computer network and other computer online services providers; providing business information for the use of customers in the field of starting and operating small businesses and permitting customers to obtain information via a global computer network and other computer online service providers; and web advertising services, namely, providing active links to the websites of others | 2,263,883 July 27, 1999 |
| ENTREPRENEUR | 35:  Arranging and conducting trade show exhibitions in the field of entrepreneurial activities, namely, the start-up and operation of small business enterprises 41:  Educational services, namely, conducting seminars on the development and operation of businesses, and conducting workshops on computer technology, telecommunications, marketing, financing options, real estate management, tax planning, and insurance | 2,502,032 October 30, 2001 |
| ENTREPRENEUR | 38:  Streaming of video and digital material on the Internet | 4,260,948 December 18, 2012 |
| ENTREPRENEUR | 9:  Downloadable computer software and software for mobile devices for the reproduction, display, and distribution of digitized content | 4,345,424 June 4, 2013 |
| ENTREPRENEUR | 9: Pre-recorded audio and audiovisual recordings of programs concerning strategies and other how-to information about starting and successfully operating businesses, successful business owners and other | 5,256,907 August 1, 2017 |

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

7

COMPLAINT
DEMAND FOR JURY TRIAL

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | information of interest to business owners and members of the general public interested in owning and operating a business, in the form of downloadable recordings 38: Streaming of audiovisual and multimedia content via the internet; transmission and delivery of audiovisual and multimedia content via the internet; video-on-demand transmission services; mobile media services in the nature of electronic transmission, wireless broadcasting and electronic delivery of audio, video and multimedia entertainment content, namely, text, data, images, audio, video, and audiovisual files provided via the internet; video broadcasting services over the internet or other communications network, namely, electronically transmitting video clips; internet broadcasting services; providing streaming of audio and video in the nature of programs concerning strategies and other how-to information about starting and successfully operating businesses, successful business owners and other information of interest to business owners and members of the general public interested in owning and operating a business, namely, audio, visual, and audiovisual matter for others via global computer networks; broadcasting and transmission of analog television, digital television, cable television, satellite television, pay television, interactive television, radio, and internet programs; broadcasting of internet programs via radio and television; broadcasting of programs provided over the internet; streaming audio, video, and audiovisual content, data and information on the Internet, communications networks and wireless telecommunications networks; providing video on-demand transmission of audio, video and audiovisual content, data and information; transmission of audio, video and audiovisual content, data and information on the Internet, communications networks and wireless telecommunications networks. 41: Entertainment services, namely, the production, presentation, distribution and syndication of on-going television, internet and non-downloadable audio and audiovisual recordings, all of the aforementioned concerning strategies and other how-to information about starting and successfully operating businesses, successful business owners and other information of interest to business owners and members of the general | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

| TRADEMARK | CLASS: GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | public interested in owning and operating a business | |
| ENTREPRENEUR BOOKSTORE | 35: Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to starting and operating a business and other topics concerning and of interest to entrepreneurs, new and existing businesses, and members of the general public | 4,612,937 September 30, 2014 |
| ENTREPRENEUR PRESS | 16: Paper goods and printed matter, namely, books, manuals, prepared reports, work books, study guides, legal and business forms, and newsletters concerning advice and information relating to the subjects of starting, running, and operating a business, and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public<br><br>35: Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to the subjects of starting, running, and operating a business and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses and members of the general public | 3,470,064 July 22, 2008 |
| **Ep** Entrepreneur Press | 16: Paper goods and printed matter, namely, books, manuals, prepared reports, work books, study guides, legal and business forms, and newsletters concerning advice and information relating to the subjects of starting, running and operating a business, and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public<br><br>35: Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to the subjects of starting, running, and operating a business and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public | 3,470,063 July 22, 2008 |

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| ENTREPRENEUR'S STARTUPS | 9:  Downloadable computer software and software for mobile devices for the reproduction, display, distribution, and sharing of digitized content; downloadable electronic publications, namely, magazines in the fields of business, finance, sales, marketing, current events, lifestyle issues, and developments in science and technology | 4,532,577 May 20, 2014 |
| ENTREPRENEUR'S STARTUPS | 16:  Paper goods and printed matter; namely, magazines, books, booklets, and published reports pertaining to business opportunities | 3,204,899 February 6, 2007 |
| ENTREPRENEUR 360 | 16:  Annual featured issue of magazine featuring the achievements of successful non-franchise and privately-owned businesses and publications related thereto, providing information and incentive to others to pursue excellence in business pursuits by presenting awards on an annual basis, and promoting award recipients and providing recognition by the way of awards to demonstrate excellence in the field of business. 35:  Advertising and business services, namely, arranging for the promotion of the goods and services of others by means of a global computer network and other computer online services providers; providing business information to customers in the field of starting and operating non-franchise and privately-owned businesses by means of a global computer network and other computer online service providers; advertising services, namely, providing advertising space in a magazine featuring news and information concerning the field of non-franchise and privately-owned businesses; providing statistics, ratings, and rankings and other information capable of being updated on a continuing basis through an interactive database and about businesses which are not franchises and are privately-owned. 41:  Recognizing the achievements of successful non-franchise and privately-owned businesses and providing incentive to others to pursue excellence in business pursuits by presenting a wards on an annual basis and promoting award recipients; providing recognition by the way of awards to demonstrate excellence in the field of business; arranging and conducting educational  conferences; educational services, namely, developing,  arranging, and conducting educational conferences and programs and providing courses of instruction in the field of business | 5,052,999 October 4, 2016 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

10

COMPLAINT
DEMAND FOR JURY TRIAL

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | administration and management | |

27.     The above marks are collectively referred to as the "EMI Marks." The above registrations are collectively referred to as the "EMI Registrations."

28.     EMI's three U.S. registrations for the ENTREPRENEUR Mark (Nos. 1,453,968; 2,263,883; 2,502,032) and several other of the foregoing registrations are also incontestable pursuant to 15 U.S.C. § 1065, which constitutes conclusive evidence of the registrations' validity, as well as EMI's entitlement to the exclusive use of the marks in commerce throughout the United States on the goods and services listed in the registrations.

29.     Further, the EMI Registrations constitute prima facie evidence that the marks are valid, and that EMI is entitled to the exclusive use of the marks in commerce throughout the United States on the goods and services listed in the registrations.

30.     EMI, and its predecessors in interest, have been and are now engaged in the business of developing, creating, distributing, marketing, advertising, and selling a wide variety of goods and services under the EMI Marks, and in particular under the ENTREPRENEUR Mark.  In fact, EMI has used the ENTREPRENEUR Mark in commerce for over forty years, having first adopted that mark for magazines at least as early as May 2, 1978, and it is famous, well-known, and recognized as identifying goods and services that originate from EMI.

31.     Through careful cultivation of its goods and services provided under the EMI Marks, and in particular the ENTREPRENEUR Mark, EMI has developed an outstanding reputation as an innovator in the field of business start-ups and strategy and has established an extremely loyal customer following.  Through EMI's widespread and continuous use of its family of EMI Marks, these marks

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

11

COMPLAINT
DEMAND FOR JURY TRIAL

1    have acquired extensive goodwill, developed a high degree of distinctiveness, and

2    become well-known and recognized as identifying goods and services that

3    originate from EMI.

4         32.    Numerous courts across the country have recognized the strength of

5    the EMI Marks, including:

6         i.    The U.S. District Court for the Central District of California held that

7               "[t]he extensive advertising and public recognition over the past 25

8               years have established [the ENTREPRENEUR® Mark] as a strong

9               mark in the industry"; the ENTREPRENEUR® Mark "is a strong

10              distinctive mark, deserving of significant protection"; and the

11              ENTREPRENEUR Mark "has acquired secondary meaning."

12              *Entrepreneur Media, Inc. v. Smith*, No. 98-3607, 2004 U.S. Dist.

13              Lexis 24078, *9–10, 13 (C.D. Cal. June 23, 2004).

14        ii.   The Ninth Circuit reviewed the District Court's findings and affirmed

15              them on appeal.  *Entrepreneur Media, Inc. v. Smith*, 101 Fed. App'x

16              212, 215 (9th Cir. 2004).

17        iii.  The U.S. District Court for the Central District of California recently

18              adopted the holding of the district court in the Smith case, and once

19              again found that "the mark ENTREPRENEUR is strong distinctive

20              mark, deserving of significant protection" and that "EMI's

21              ENTREPRENEUR mark is a strong mark" that was infringed by

22              defendant's ENTREPRENEUR PODCAST mark.  *See Entrepreneur*

23              *Media, Inc. v. Eric M. Dye, et al.*, No. 18-cv-0341-DOC (PLAx),

24              Docket No. 22 (C.D. Cal., Sept. 11, 2018).

25        iv.   The U.S. District Court for the Central District of California has twice

26              held that "the ENTREPRENEUR Mark and EMI's related marks have

27              developed a high degree of distinctiveness and become well-known

28              and recognized as identifying goods and services that originate from

1   EMI." *Entrepreneur Media, Inc. v. Entrepreneurs Opportunities,*

2   *LLC*, No. 17-cv-01341-JVS-KES, Docket No. 20 (C.D. Cal., Jan. 14,

3   2018); *Entrepreneur Media, Inc. v. The Innovation Initiative, et al*,

4   No. 17-cv-2261-JVS-KES, Docket No. 23 (C.D. Cal., August 2, 2018)

5   (finding the same); *see also Entrepreneur Media, Inc. v. Darren*

6   *Casey*, No. 18-cv-01058-JLS-AGR, Docket No. 20 (C.D. Cal.,

7   December 20, 2018) (recognizing that EMI's marks are protectable

8   and have been used for over forty years).  These courts also held that

9   EMI's rights were violated by, respectively, the ENTREPRENEUR

10  OPPORTUNITIES mark, the ENTREPRENEUR TV mark, and the

11  FIT ENTREPRENEUR MAGAZINE mark.

12   v.   The U.S. District Court for the District of Colorado held that "the EMI

13        Marks, and in particular the ENTREPRENEUR® mark, have acquired

14        extensive goodwill, developed a high degree of distinctiveness and

15        secondary meaning, and become well known, famous, and recognized

16        as identifying goods and services that originate from EMI, such that

17        they are deserving of strong protection."  *Entrepreneur Media, Inc. v.*

18        *Spencer et al.*, No. 1:17-cv-01637-RBJ, Docket No. 20, at pg. 8 (D.

19        Colo. Dec. 15, 2017) (also finding that EMI's rights were violated by

20        the ENTREPRENEUR SUPPORT mark).

21   vi.  The U.S. District Court for the District of Connecticut has recognized

22        that "the EMI Marks, and in particular the ENTREPRENEUR Mark,

23        have acquired extensive goodwill, developed a high degree of

24        distinctiveness and secondary meaning, and become well known and

25        recognized as identifying goods and services that originate from EMI,

26        such that they are deserving of strong protection."  *Entrepreneur*

27        *Media, Inc. v. Whitehill et al.*, No. 13-cv-01819(MPS), Docket No. 19

28

1    (D. Conn. Aug. 19, 2015) (also finding that EMI's rights were

2    violated by the ENTREPRENEUR WEEK mark).

3    vii.    The U.S. District Court for the District of Maryland has twice

4    recognized the EMI Marks as valid, strong, and distinctive.

5    *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC, et al.*,

6    No. RDB-12-1970, Docket No. 30 (D. Md. July 23, 2013); *id.*, Docket

7    No. 47 (Apr. 7, 2014) (also finding that EMI's rights were violated by

8    the ENTREPRENEURS EDGE mark).

9    viii.   Both a Magistrate Judge and District Court Judge in the Eastern

10    District of Virginia found the ENTREPRENEUR Mark to be

11    distinctive. *Entrepreneur Media, Inc. v. seattleentrepreneur.com*,

12    No. 11-00409, Docket No. 22 (E.D. Va. Dec. 6, 2011) (also finding

13    that EMI's rights were violated by the registration of the

14    *seattleentrepreneur.com* and *austinentrepreneur.com* domain names).

15    **<u>Defendants' Unauthorized Use of EMI's Marks</u>**

16    33.    Defendants own the ENTREPRENEURPRESS Instagram account and

17    operate a page there using the ENTREPRENEUR PRESS mark, available at

18    https://www.instagram.com/entrepreneurpress/ (the "Social Media Account").

19    34.    Under the ENTREPRENEUR PRESS mark, Defendants provide

20    advice, motivational quotes, and success stories in the fields of business and

21    entrepreneurship.

22    35.    Defendants' ENTREPRENEUR PRESS mark is identical to EMI's

23    registered ENTREPRENEUR PRESS® mark (Reg. Nos. 3,470,064) and used with

24    services that are nearly identical to those offered by EMI under the EMI Marks.

25    Indeed, Defendants have used the Social Media Account and ENTREPRENEUR

26    PRESS mark to promote a recommended list of books, as shown below:

27    ///

28    ///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

14

COMPLAINT
DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9



10    36.    This is exactly how EMI uses its ENTREPRENEUR PRESS® mark,

11  as shown here:

12

13

14

15

16

17

18

19

20

21

22

23

24



25    37.    In light of EMI's renown, online presence, and long history of

26  providing goods and services under the ENTREPRENEUR Mark, EMI is very

27  concerned that consumers will likely be confused and mistakenly believe that

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

15

COMPLAINT
DEMAND FOR JURY TRIAL

1   Defendants and their goods and/or services are endorsed, approved, or sponsored

2   by, or affiliated, connected, or associated with, EMI.

3       38.    Defendants will thus reap the benefits of EMI's reputation and

4   goodwill based on this consumer confusion, to EMI's detriment.

5       39.    EMI has attempted to reconcile its concerns with Defendants,

6   including by a letter on October 9, 2018, but Defendants have failed to respond to

7   EMI's communications, let alone cease use of the Infringing Entrepreneur Mark.

8       40.    Given Defendants' failure to respond to EMI's concerns, and

9   Defendants' continuing use of the mark, EMI brought this suit to fully litigate and

10  resolve the trademark issues between the parties.

11              **EMI Is Harmed By Defendants' Continuing**

12              **Infringement & Unlawful Conduct**

13      41.    Defendants' continued use of the confusingly similar Infringing

14  Entrepreneur Mark in commerce violates EMI's valuable intellectual property

15  rights in the EMI Marks and EMI Registrations, and Defendants' knowing,

16  intentional, willful, and malicious use of this mark is damaging to EMI and EMI's

17  property.

18      42.    Defendants have used the Infringing Entrepreneur Mark to unfairly

19  usurp and capitalize on the value and goodwill of the EMI Marks and EMI

20  Registrations, particularly the ENTREPRENEUR Mark.  Defendants are aware of

21  EMI's strong trademark rights and reputation in the marketplace, but nevertheless,

22  use the Infringing Entrepreneur Mark to profit from the goodwill associated with

23  the EMI Marks and EMI Registrations.

24      43.    Defendants have intentionally and knowingly capitalized off of

25  confusion between EMI's mark and the ENTREPRENEUR PRESS mark,

26  including by providing content almost identical to EMI's content, as described

27  above.

28

44.     Due to Defendants' continuing willful infringement and unlawful conduct, EMI is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights.  EMI had to retain counsel and incur substantial fees and costs (and it continues to incur those fees and costs) to prosecute this suit and pursue its claims.

45.     EMI's interest in protecting its intellectual property rights and its products and services from consumer confusion outweigh any harm to Defendants. The public interest is best served by granting EMI's requested relief against Defendants.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. § 1114

46.     EMI incorporates by reference the factual allegations set forth above.

47.     EMI owns the EMI Marks and the EMI Registrations.  The trademarks reflected in the EMI Registrations are strong and distinctive and designate EMI as the source of all products and services advertised, marketed, sold, or used in connection with the EMI Marks.  In particular, the ENTREPRENEUR Mark has been used for over forty years and has been recognized by federal courts as a strong and distinctive mark.

48.     EMI is the senior user of the EMI Marks as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Entrepreneur Mark.

49.     Defendants do not have authorization, license, or permission from EMI to market and sell their products and services under the Infringing Entrepreneur Mark, which is confusingly similar to the EMI Marks, including the ENTREPRENEUR Mark, and which is used by Defendants with products and services that are identical and/or closely related to the particular products and services associated with the EMI Marks, particularly the ENTREPRENEUR Mark.

50.     Defendants were aware of the EMI Marks, particularly the ENTREPRENEUR Mark, as Defendants were on constructive notice based on EMI's longstanding federal registrations, as well as on actual notice based on EMI's letter to Defendants about this matter.  Yet, Defendants continued to use their infringing mark.  Thus, Defendants' unauthorized use of the confusingly similar Infringing Entrepreneur Mark was and is knowing, intentional, and willful.

51.     As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

52.     Defendants' actions therefore constitute trademark infringement.

53.     Unless an injunction is issued enjoining any continuing or future use of the confusingly similar Infringing Entrepreneur Mark by Defendants, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably harm EMI.

54.     Defendants' activities have caused and will continue to cause irreparable harm to EMI, for which it has no adequate remedy at law, because: (i) the EMI Marks, and in particular the ENTREPRENEUR Mark, comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement constitutes interference with EMI's goodwill and customer relationships and is harming and will continue to substantially harm EMI's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to EMI, are continuing.  Accordingly, EMI is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

55.     Pursuant to 15 U.S.C. §1117(a), EMI is entitled to an order: (i) requiring Defendants to account to EMI for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

18

COMPLAINT
DEMAND FOR JURY TRIAL

1  law; and (ii) awarding all damages sustained by EMI that were caused by
2  Defendants' conduct.

3     56.   Defendants' conduct was and is intentional and without foundation in
4  law, and, pursuant to 15 U.S.C. § 1117(a), EMI is therefore entitled to an award of
5  treble damages against Defendants.

6     57.   Defendants' acts make this an exceptional case under 15 U.S.C.
7  § 1117(a); thus EMI is entitled to an award of attorneys' fees and costs.

8              **SECOND CLAIM FOR RELIEF**

9  **Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)**

10    58.   EMI incorporates by reference the factual allegations set forth above.

11    59.   The EMI Marks, and in particular the ENTREPRENEUR Mark, are
12 strong and distinctive and designate EMI as the source of all goods and services
13 advertised, marketed, sold, or used in connection with those marks.  In addition, by
14 virtue of EMI's decades of use of the ENTREPRENEUR Mark in connection with
15 its products and services, and its extensive marketing, advertising, promotion, and
16 sale of its products and services under that mark and the EMI Marks, the EMI
17 Marks, including in particular the ENTREPRENEUR Mark, have acquired
18 secondary meaning, whereby the consuming public of this District, the State of
19 California, and the United States associate the EMI Marks with a single source of
20 products and services.

21    60.   EMI is the senior user of the EMI Marks as it began use of those
22 marks in interstate commerce prior to Defendants' first use of the confusingly
23 similar Infringing Entrepreneur Mark.

24    61.   Defendants were aware of the EMI Marks, and in particular, the
25 ENTREPRENEUR Mark because Defendants were on constructive notice based
26 on EMI's longstanding federal registrations, as well as on actual notice based on
27 EMI's letter to Defendants about this matter.  Yet, Defendants continued to use
28

1    their infringing mark.  Thus, Defendants' unauthorized use of the confusingly

2    similar Infringing Entrepreneur Mark was and is knowing, intentional, and willful.

3          62.    Through its use of the confusingly similar Infringing Entrepreneur

4    Mark, Defendants intended to, and did in fact, confuse and mislead consumers into

5    believing, and misrepresented and created the false impression, that EMI somehow

6    authorized, originated, sponsored, approved, licensed, or participated in

7    Defendants' use of the confusingly similar Infringing Entrepreneur Mark.

8          63.    In fact, there is no connection, association, or licensing relationship

9    between EMI and Defendants, nor has EMI ever authorized, licensed, or given

10   permission to Defendants to use the confusingly similar Infringing Entrepreneur

11   Mark in any manner.

12         64.    Defendants' use of the confusingly similar Infringing Entrepreneur

13   Mark will likely cause confusion as to the origin and authenticity of Defendants'

14   website, and related goods and services and will likely cause others to believe that

15   there is a relationship between Defendants and EMI when there is, in fact, not.

16         65.    As a direct and proximate result of Defendants' wrongful conduct,

17   EMI has been and will continue to be damaged.

18         66.    Defendants' actions thus constitute false designation of origin and

19   unfair competition.

20         67.    Defendants' activities have caused, and will continue to cause,

21   irreparable harm to EMI, for which it has no adequate remedy at law, in that:

22   (i) the EMI Marks, including the ENTREPRENEUR Mark, comprise unique and

23   valuable property rights that have no readily determinable market value;

24   (ii) Defendants' infringement constitutes interference with EMI's goodwill and

25   customer relationships and will substantially harm EMI's reputation as a source of

26   high-quality goods and services; and (iii) Defendants' wrongful conduct, and the

27   damages resulting to EMI, are continuing.  Accordingly, EMI is entitled to

28   injunctive relief pursuant to 15 U.S.C. § 1116(a).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

20

COMPLAINT
DEMAND FOR JURY TRIAL

68.     Pursuant to 15 U.S.C. §1117(a), EMI is entitled to an order:
(i) requiring Defendants to account to EMI for any and all profits derived from its
actions, to be increased in accordance with the applicable provisions of law; and
(ii) awarding all damages sustained by EMI that were caused by Defendants'
conduct.

69.     Defendants' conduct was and is intentional and without foundation in
law, and pursuant to 15 U.S.C. § 1117(a), EMI is therefore entitled to an award of
treble damages against Defendants.

70.     Defendants' acts make this an exceptional case under 15 U.S.C.
§ 1117(a); thus EMI is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

71.     EMI incorporates by reference the factual allegations set forth above.

72.     EMI has valid and protectable common law rights in the EMI Marks.

73.     EMI is the senior user of the EMI Marks.

74.     Defendants' conduct constitutes infringement of EMI's common law
rights in the EMI Marks.

75.     Defendants' use of the confusingly similar Infringing Entrepreneur
Mark on unauthorized goods and services is likely to cause confusion as to the
origin of Defendants' goods and services and is likely to cause others to believe
that there is a relationship between Defendants and EMI.

76.     Defendants' wrongful acts have permitted and will permit them to
receive substantial profits based upon the strength of EMI's reputation and the
substantial goodwill it has built up in the EMI Marks.

77.     As a direct and proximate result of Defendants' wrongful conduct,
EMI has been and will continue to be damaged.

78.     Unless an injunction is issued enjoining any continuing or future use
of the EMI Marks by Defendants, such continuing or future use is likely to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

21

COMPLAINT
DEMAND FOR JURY TRIAL

1  continue to cause confusion and thereby irreparably damage EMI.  EMI has no

2  adequate remedy at law.  Accordingly, EMI is entitled to an injunction.

3  **FOURTH CLAIM FOR RELIEF**

4  **Common Law Unfair Competition**

5      79.    EMI incorporates by reference the factual allegations set forth above.

6      80.    EMI has expended significant time and expense in developing the

7  EMI Marks and the high-quality products and services it markets and sells under

8  those marks.  The EMI Marks have been very successful and have developed a

9  substantial reputation and goodwill in the marketplace.

10     81.    Through their wrongful conduct, Defendants have misappropriated

11 EMI's efforts and are exploiting the EMI Marks and EMI's reputation to market

12 and sell their services under the Infringing Entrepreneur Mark.  These actions

13 constitute unfair competition.

14     82.    As a direct and proximate result of Defendants' wrongful conduct,

15 EMI has been and will continue to be damaged.

16     83.    Unless an injunction is issued enjoining Defendants' unfairly

17 competitive conduct, EMI will continue to be damaged irreparably.  EMI has no

18 adequate remedy at law.  Accordingly, EMI is entitled to an injunction.

19     84.    Defendants have acted willfully, intentionally and maliciously, such

20 that EMI is entitled to punitive damages.

21 **PRAYER**

22     WHEREFORE, EMI prays for the following relief:

23     A.    An injunction ordering Defendants, and their officers, directors,

24 members, agents, servants, employees, and attorneys, and all other persons acting

25 in concert or participating with them (collectively, the "Enjoined Parties"), who

26 receive actual notice of the injunction order by personal or other service, to:

27          i.    cease all use and never use the ENTREPRENEUR PRESS

28               mark, the EMI Marks, or any other mark likely to cause

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

22

COMPLAINT
DEMAND FOR JURY TRIAL

1   confusion with the EMI Marks, including any misspelling or

2   variation of those Marks, in, on or with any products or

3   services, or in connection with the, advertising, marketing or

4   other promotion, distribution, offering for sale, or sale, of any

5   products or services, including on the Social Media Account;

6   ii.   never use any false designation of origin, false representation,

7   or any false or misleading description of fact, that can, or is

8   likely to, lead the consuming public or individual members

9   thereof, to believe that any products or services produced,

10   offered, promoted, marketed, advertised, provided, sold or

11   otherwise distributed by the Enjoined Parties is in any manner

12   associated or connected with EMI, or are licensed, approved, or

13   authorized in any way by EMI;

14   iii.   never represent, suggest in any fashion to any third party, or

15   perform any act that may give rise to the belief, that

16   the Enjoined Parties, or any of their products or services, are

17   related to, authorized, or sponsored by EMI;

18   iv.   never register any domain name that contains any of the EMI

19   Marks or any misspelling or variation of those Marks, or any

20   domain name confusingly similar to any of the EMI Marks;

21   v.   transfer to EMI all domain names in the Enjoined Parties'

22   possession, custody, or control that include the word

23   "entrepreneur" or any misspelling or variation thereof, are

24   otherwise confusingly similar to or contain any of the EMI

25   Marks, or were used in connection with the Infringing

26   Entrepreneur Mark;

27   vi.   cease all use of the Social Media Account and any similar

28   accounts or social media websites, and never register any social

1                     media account that contains the ENTREPRENEUR PRESS

2                     mark, any of the EMI Marks, or any misspelling or variation of

3                     those Marks, or any other social media account confusingly

4                     similar to any of the EMI Marks;

5        vii.      transfer to EMI the Social Media Account and all other

6                     accounts used to promote the ENTREPRENEUR PRESS mark,

7                     including all such accounts in Defendants' possession, custody,

8                     or control that include the word "entrepreneur" or any

9                     misspelling or variation thereof, or are otherwise confusingly

10                    similar to or contain any of the EMI Marks;

11      viii.     never unfairly compete with EMI in any manner whatsoever, or

12                    engage in any unfair, fraudulent, or deceptive business practices

13                    that relate in any way to the production, distribution, marketing,

14                    and/or sale of products and services bearing any of the EMI

15                    Marks or any other mark likely to cause confusion with the

16                    EMI Marks, including any misspelling or variation of those

17                    Marks; and

18        ix.      never apply for or seek to register the ENTREPRENEUR

19                    PRESS mark, any of the EMI Marks, or any other mark likely

20                    to cause confusion with the EMI Marks, including any

21                    misspelling or variation of those Marks.

22      B.      An order pursuant to 15 U.S.C. § 1116(a), directing the Enjoined

23 Parties to file with the Court and serve upon EMI's counsel, within thirty (30) days

24 after service of the order of injunction, a report in writing under oath setting forth

25 in detail the manner and form in which the Enjoined Parties have complied with

26 the injunction.

27      C.      To give practical effect to the Court's injunction, the social

28 networking service or entity (*e.g.*, Instagram) related to any of the social media

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

24

COMPLAINT
DEMAND FOR JURY TRIAL

1    accounts subject to this Order shall, within fourteen (14) days of receipt of the

2    Order, transfer, disable, or otherwise cancel those subject accounts at EMI's

3    request if the Enjoined Parties have not already done so.

4         D.     To give practical effect to the Court's injunction, an order that the

5    Registry or Registrar for any of the foregoing domain names shall, within fourteen

6    (14) days of receipt of the Order, transfer or otherwise assign those subject domain

7    names to EMI if the Enjoined Parties have not already done so.

8         E.     An order finding that, by the acts complained of above, Defendants

9    have infringed EMI's federally-registered trademarks in violation of 15 U.S.C.

10   § 1114.

11        F.     An order finding that, by the acts complained of above, Defendants

12   have created a false designation of origin and false representation of association in

13   violation of 15 U.S.C. § 1125(a).

14        G.     An order finding that, by the acts complained of above, Defendants

15   have engaged in common law trademark infringement.

16        H.     An order finding that, by the acts complained of above, Defendants

17   have engaged in common law unfair competition.

18        I.     An order awarding EMI damages as follows:

19             i.     Pursuant to 15 U.S.C. § 1117(a), EMI's actual damages, as well

20                  as all of Defendants' profits or gains of any kind from its acts of

21                  trademark infringement, false designation of origin, and unfair

22                  competition, including a trebling of those damages; and

23             ii.     Punitive damages pursuant to California common law.

24        J.     An order pursuant to 15 U.S.C. § 1117(a) finding that this is an

25   exceptional case and awarding EMI its reasonable attorneys' fees.

26        K.     An order pursuant to 15 U.S.C. § 1117(a) awarding EMI all of its

27   costs, disbursements, and other expenses incurred due to Defendants' unlawful

28   conduct.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

25

COMPLAINT
DEMAND FOR JURY TRIAL

L.   An order awarding EMI pre-judgment interest.

M.   An order awarding EMI such other relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated:  September 6, 2019                    Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ Perry J. Viscounty
   Perry J. Viscounty

*Attorneys for Plaintiff*
ENTREPRENEUR MEDIA, INC.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\109750573.1

26

COMPLAINT
DEMAND FOR JURY TRIAL