JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE d/b/a ENTREPRENEUR PRESS, and DOES 1 through 9, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 8:19-cv-01706-JLS-JDE<br><br>**JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT JOHN DOE d/b/a ENTREPRENEUR PRESS** |

For the reasons set forth in the Court's prior ruling on Plaintiff's motion for default judgment and related relief (Doc. 23), the Court hereby enters **JUDGMENT** and **PERMANENT INJUNCTION** against Defendant John Doe d/b/a Entrepreneur Press ("Defendant"), and **ORDERS** as follows:

## I. JUDGMENT

Judgment is entered in favor of Plaintiff Entrepreneur Media, Inc. ("EMI") on all claims asserted in the Complaint (Doc. 1), and the Court hereby **FINDS** that Defendant's conduct constitutes:

1. Trademark infringement in violation of 15 U.S.C. § 1114;
2. Unfair competition and false designation or origin in violation of 15 U.S.C. § 1125(a);
3. Common law trademark infringement under California Law; and
4. Common law unfair competition under California law.

## II. PERMANENT INJUNCTION

Defendant, and its officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with Defendant (collectively, the "Enjoined Parties"), who receive actual notice of the injunction order by personal or other service, are hereby **PERMANENTLY ENJOINED** and shall immediately:

    i.    cease all use and never use the ENTREPRENEUR PRESS mark, the EMI Marks[1], or any other mark likely to cause confusion with the EMI Marks, including any misspelling or variation of those Marks, in, on or with any products or services, or in connection with the, advertising, marketing or other promotion, distribution, offering for sale, or sale, of any

---

[1] The "EMI Marks" include the ENTREPRENEUR, ENTREPRENEUR BOOKSTORE, ENTREPRENEUR PRESS, ENTREPRENEUR STARTUPS, and ENTREPRENEUR 360 trademarks, as reflected in EMI's U.S. federal registrations. *See* Nos. 1,453,968; 2,263,883; 2,502032; 4,260,948; 4,345,424; 5,256,907; 4,612,937; 3,470,064; 3,470,063; 4,532,577; 3,204,899; 5,052,999.

|   |   |   |
|---|---|---|
| 1 |  | products or services, including on the Enjoined Parties' |
| 2 |  | Instagram account (*instagram.com/entrepreneurpress*) (the |
| 3 |  | "Instagram Account"); |
| 4 | ii. | never use any false designation of origin, false representation, |
| 5 |  | or any false or misleading description of fact, that can, or is |
| 6 |  | likely to, lead the consuming public or individual members |
| 7 |  | thereof, to believe that any products or services produced, |
| 8 |  | offered, promoted, marketed, advertised, provided, sold or |
| 9 |  | otherwise distributed by the Enjoined Parties is in any manner |
| 10 |  | associated or connected with EMI, or are licensed, approved, or |
| 11 |  | authorized in any way by EMI; |
| 12 | iii. | never represent, suggest in any fashion to any third party, or |
| 13 |  | perform any act that may give rise to the belief, that the |
| 14 |  | Enjoined Parties, or any of their products or services, are related |
| 15 |  | to, authorized, or sponsored by EMI; |
| 16 | iv. | never register any domain name that contains any of the EMI |
| 17 |  | Marks or any misspelling or variation of those Marks, or any |
| 18 |  | domain name confusingly similar to any of the EMI Marks; |
| 19 | v. | transfer to EMI all domain names in the Enjoined Parties' |
| 20 |  | possession, custody, or control that include the word |
| 21 |  | "entrepreneur" or any misspelling or variation thereof, are |
| 22 |  | otherwise confusingly similar to or contain any of the EMI |
| 23 |  | Marks, or were used in connection with the Infringing |
| 24 |  | Entrepreneur Mark; |
| 25 | vi. | cease all use of the Instagram Account and any similar accounts |
| 26 |  | or social media websites, and never register any social media |
| 27 |  | account that contains the ENTREPRENEUR PRESS mark, any |
| 28 |  | of the EMI Marks, or any misspelling or variation of those |

        Marks, or any other social media account confusingly similar to any of the EMI Marks;

  vii.  transfer to EMI the Instagram Account and all other social media accounts used to promote the ENTREPRENEUR PRESS mark, including all such accounts in the Enjoined Parties' possession, custody, or control that include the word "entrepreneur" or any misspelling or variation thereof, or are otherwise confusingly similar to or contain any of the EMI Marks;

  viii.  never unfairly compete with EMI in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing any of the EMI Marks or any other mark likely to cause confusion with the EMI Marks, including any misspelling or variation of those Marks; and

  ix.  never apply for or seek to register the ENTREPRENEUR PRESS mark, any of the EMI Marks, or any other mark likely to cause confusion with the EMI Marks, including any misspelling or variation of those Marks.

 A. To give practical effect to the Court's injunction, Instagram, and any social networking service or entity related to the social media accounts subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer, disable, or otherwise cancel those subject accounts at EMI's request if the Enjoined Parties have not already done so.

 B. To give practical effect to the Court's injunction, the Registry or Registrar for any of the domain names subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer or otherwise assign those subject domain

names to EMI if the Enjoined Parties have not already done so, or (at EMI's request) cancel, disable, or otherwise remove all content from the related websites and continue to do so until the ENTREPRENEUR PRESS mark/term no longer appears therein.

### III. DOE DEFENDANTS

Pursuant to EMI's voluntary dismissal, it is further **ORDERED** that Doe Defendants 1-9 are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 02, 2020

_____
Honorable Josephine L. Staton
United States District Judge